# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0011, <u>State of New Hampshire v. Damien Rousseau</u>, the court on June 18, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The State of New Hampshire (the State) appeals a decision of the Superior Court (<u>Bornstein</u>, J.) denying the State's motion for reconsideration and clarification of the trial court's order granting the defendant's, Damien Rousseau, motion to suppress evidence obtained after the warrantless seizure of his vehicle by the Lebanon Police Department (LPD). We affirm and remand.

The trial court found, or the record supports, the following facts. On May 11, 2022, the LPD seized the defendant's vehicle without a warrant. The next day — after the defendant broke into the police impound lot to access his vehicle — the LPD obtained and executed a warrant to search the defendant's vehicle. The police found drugs and guns in the vehicle. The State brought charges against the defendant related to the evidence the police found in his vehicle as well as his entry into the LPD impound lot.

The defendant moved to suppress all the evidence obtained after the warrantless seizure of his vehicle, arguing that the seizure violated his rights under, among other provisions, Part I, Article 19 of the New Hampshire Constitution and was not justified by an exception to the warrant requirement. The State objected, arguing, among other things, that the evidence should not be suppressed because the "exigent circumstances" exception to the warrant requirement applied. Alternatively, the State argued that, even if the vehicle was unlawfully seized, the evidence should not be suppressed because the "independent source" and "inevitable discovery" exceptions to the exclusionary rule applied. At the suppression hearing, the trial court invited the parties to submit supplemental briefing to further develop their arguments.

The trial court granted the defendant's motion to suppress and stated that it was suppressing the "evidence found pursuant to the tow of the vehicle." The State subsequently moved for clarification and reconsideration, asking the trial court to clarify precisely what evidence was suppressed and arguing, for the first time, that the defendant's "distinct and separate crime" of breaking into the police impound lot purged "the taint of any police illegality" stemming

from the warrantless tow of the defendant's vehicle.  (Quotation omitted).  The defendant objected.  The trial court denied the State's motion for reconsideration, reasoning that the State had failed to raise its "new crime" exception to the exclusionary rule argument at any point prior to filing its motion to reconsider and that both the defendant and the trial court were entitled to be informed of the grounds on which the State opposed suppression prior to the trial court's suppression ruling.  This appeal followed.

On appeal, the State argues that the trial court unsustainably exercised its discretion when it refused to address the State's "new crime" argument because it was raised for the first time in its motion for reconsideration.  The State argues that it could not have raised its "new crime" argument earlier because, until it received the trial court's order, the State reasonably thought that the issue before the court was the validity of the warrantless seizure of the defendant's vehicle; it asserts that "the State had no knowledge or notice that the court intended to suppress the evidence associated with the distinctly separate offense of breaking into the impound lot and trying to remove the incriminating evidence found in the" defendant's vehicle.  We disagree.

"We review for an unsustainable exercise of discretion a trial court's refusal to entertain new issues on reconsideration on the basis that the issues could have been raised at an earlier time."  Loeffler v. Bernier, 173 N.H. 180, 187 (2020).  We will reverse the trial court's ruling only if it was clearly untenable or unreasonable to the prejudice of the appellant's case.  See id.

The trial court sustainably exercised its discretion when it ruled that the State was required to raise its "new crime" argument prior to the court's suppression ruling.  "[I]t is in the interest of judicial economy to require a party to raise all possible objections at the earliest possible time, especially when an argument raised in a motion for reconsideration was readily apparent to the moving party at the time it initially filed for relief."  Id. at 188 (quotation omitted).

The State's "new crime" argument was readily apparent both at the time the State objected to the defendant's motion to suppress as well as when it submitted its post-hearing memorandum.  In his motion to suppress, the defendant argued that the warrantless seizure of his vehicle was unconstitutional and specifically sought to suppress "all evidence obtained as a result of [the] unlawful seizure."  The State was, therefore, on notice that it should respond to the defendant's arguments about the constitutionality of the seizure of the defendant's vehicle and its contents, as well as raise any alternative arguments about why, even if the vehicle was unlawfully seized, the exclusionary rule should not apply.  See State v. De La Cruz, 158 N.H. 564, 566 (2009) ("The exclusionary rule is a remedy for the violation of a defendant's right to be free from illegal searches and seizures, requiring any evidence obtained in violation of that right to be excluded.").  We are unpersuaded by the

State's argument that it reasonably thought the only issue before the trial court was the validity of the vehicle seizure given that, in its objection to the defendant's motion to suppress, the State made alternative arguments regarding two other exceptions to the exclusionary rule, but not the "new crime" exception. This demonstrates that the State knew that it should make alternative arguments as to why the evidence should not be suppressed — including arguments related to the exclusionary rule — in its objection to the defendant's motion to suppress.

Nor has the State cited any authority from this court to support its argument that it was reasonable for the State to respond only to the arguments made by the defendant in his motion to suppress and to forgo raising in its earliest objection or post-hearing memorandum all of its arguments as to why the evidence should not be suppressed. The State bore the burden to show that the warrantless seizure fell within one of the exceptions to the warrant requirement, State v. Donovan, 175 N.H. 356, 360 (2022), or, alternatively, that the taint of the illegal seizure was subsequently purged, State v. Morrill, 169 N.H. 709, 717 (2017). Neither the defendant nor the trial court is obligated to raise issues on the State's behalf. Cf. State v. Santana, 133 N.H. 798, 808-09 (1991) (declining to address the State's "independent source" doctrine argument, raised for the first time on appeal, as unpreserved in part because it was the State's burden to prove the warrantless search was constitutionally permissible).

Finally, we are not persuaded by the State's argument that its presentation of the "new crime" argument in the motion to reconsider was proper given that prior to the trial court's order it had no notice that the issue before the court included the suppression of the evidence found in the defendant's car "for use in" the prosecution of the charges arising from the defendant's entry into the impound lot. The defendant did not seek to suppress evidence of his conduct at the impound lot. Rather, the defendant sought to suppress all the physical evidence obtained after the police seized his vehicle "'pending a search warrant' — in other words, prior to drafting an application for a search warrant and prior to a search warrant being granted." The defendant's motion to suppress identified the charges arising from the entry and listed the separate docket number associated with those charges and, in its objection, the State also listed the docket number for only the impound lot crimes. Moreover, the record before us reflects that, at the time of the suppression hearing, the only remaining charges against the defendant were those arising out of the defendant's entry into the impound lot. Accordingly, the State knew that, in his motion to suppress, the defendant sought to suppress the physical evidence related to the only charges still pending against him — the charges associated with the defendant's entry into the impound lot.

In sum, we conclude the trial court sustainably exercised its discretion when it declined to address the State's "new crime" argument raised for the first time on reconsideration. Consequently, we need not address the merits of the State's arguments regarding the "new crime" exception to the exclusionary rule. See Loeffler, 173 N.H. at 189.

Affirmed and remanded.

MACDONALD, C.J., and BASSETT and DONOVAN, JJ., concurred; HANTZ MARCONI, J., sat for oral argument but subsequently disqualified herself and did not participate in further review of the case.

**Timothy A. Gudas,**
**Clerk**